## ROLESON *v.* BLOUNT.

### Opinion delivered April 5, 1920.

SPECIFIC PERFORMANCE — COUNTER OFFER AND LATER ACCEPTANCE.—
Where defendant submitted a written offer to sell a farm to
plaintiff for $52,000, with 8 per cent. interest on deferred pay-
ments, and plaintiff replied that if defendant would lower the
price to $50,000 and the interest to 6 per cent. he would accept
the offer, plaintiff's counter offer was a rejection of the original
proposal, which could not be revived by a later acceptance, and
made the basis of a suit for specific performance.

Appeal from St. Francis Chancery Court; *A. L.
Hutchins,* Chancellor; affirmed.

*C. W. Norton,* for appellant.

1. The land or farm was sufficiently identified and
the description definite enough. 88 Ark. 482; 90 *Id.* 237;
95 *Id.* 255.

2. The letter of September 28th was not a rejec-
tion of the offer of sale, and appellee was bound to spe-
cific performance. 13 C. J. 296.

*Mann, Bussey & Mann,* for appellee.

The minds of the parties here never met. The let-
ter of Blount to Roleson was not a definite offer. The
letter of Roleson was a complete reply and a definite re-
jection of the offer. Elliott on Contracts, §§ 34, 42-44;
112 Ark. 388. The correspondence never created a valid
contract, and the chancellor's findings were correct.

HUMPHREYS, J. Appellant instituted suit against
appellee in the St. Francis Chancery Court to compel the
performance of an alleged contract of sale and purchase
of a 315-acre farm on the St. Francis River in said county
for $52,000. It was alleged in the bill that on September
24, 1919, appellant offered, in writing, to sell said farm,
describing it particularly, to appellant for $52,000, one-
fourth in cash, one-fourth in one year, one-fourth in two
years, and one-fourth in three years, at 8 per cent. inter-
est; that, thereafter, towit, on October 11, 1919, appellant
accepted the offer aforesaid in writing; that the offer and

acceptance constituted an enforceable contract between said parties.

Appellee filed an answer, denying the material allegations in the bill, and denying that the writing constituted a binding obligation upon appellee to convey said land to appellant, alleging that, before the acceptance of October 11, 1919, appellant had rejected the offer of date September 24, 1919, and himself made a counter offer to purchase said real estate, which was never accepted by appellee.

The cause was submitted to the court upon the pleadings and evidence which resulted in a decree of dismissal of appellant's bill for the want of equity. From that decree an appeal has been duly prosecuted and is before this court for trial *de novo*.

The facts are, in substance, as follows: Appellee, who was a resident of Helena, Arkansas, submitted the following written offer to sell said farm to appellant:

"Helena, Ark., Sept. 24, 1919.

"Mr. Roleson, Forrest City, Ark.:

"Dear Sir: Complying with my promise to you last Saturday, I am now offering you my farm of 315 acres, on St. Francis River, for $52,000. I have and can get now $160 per acre, but I will not sell it for that price on terms.

"If you want it for $52,000, one-fourth cash, one-fourth in one year, one-fourth in two years and one-fourth in three years, at 8 per cent. interest, I shall make you a deed with abstract.

"Very truly yours,          J. H. Blount."

On the 28th day of September, 1919, appellant made the following response to the aforesaid offer:

"John Blount, Helena, Ark.:

"Dear Sir: I have your letter offering me your farm of 315 acres on St. Francis River south of Madison for $52,000 in four equal payments with interest at 8 per cent. on the deferred payments.

"I was out of town yesterday, and so failed to see you, 'though I drove out to your house this morning, to learn that you had returned to Helena on the early train.

"I am interested in your place and can buy it I think if you will make me small concessions in price and rate of interest on the deferred payments. You have set your price very high, and your idea of interest (8 per cent.) is out of line with the interest market. I understand that 6 per cent. is being paid on all big land sales, and no one wants to pay more than that price on large sums of money, as you can probably learn by inquiring of the banks and real estate dealers in Helena, and I think you ought to be willing to accept what is customary in such trades.

"If you can lower your price to even $50,000 and set the interest at 6 per cent., I think I can arrange to trade with you, paying you one-fourth cash, and the balance in three equal payments at 6 per cent. interest.

"Please write me promptly if you will accept such price and terms.        "Yours truly,
                              "Edward Roleson."

The parties had several conversations after these communications, in which they were unable to agree upon the price for the farm or the rate of interest on deferred payments, one of which occurred on the morning of October 11, 1919, about one hour before appellant submitted the following written acceptance of the original offer to appellee:

                    "Forrest City, Ark., Oct. 11, 1919.
"John Blount, Forrest City, Ark.:

"I hereby accept the proposition contained in your letter of September 24 and agree to purchase your farm of 315 acres on St. Francis River in this county at the price of $52,000 net to you, to be paid one-fourth in cash upon delivery of deed, the balance by three equal notes due in one, two and three years, with interest at 8 per cent. I will therefore expect abstract to be furnished me or my attorney as promptly as possible, and if you desire, I will make any reasonable deposit of cash in any bank at Forrest City, the deed to be deposited also until title is approved.        "Yours truly,
                              "Edward Roleson."

The controlling question for determination on appeal is whether the letter of September 28, 1919, constituted a counter offer or was in legal effect a rejection by appellant of the offer of appellee of September 24, 1919, to sell the said farm to appellant. The rule as to what will constitute a rejection of an offer is well stated by Mr. Elliott on Contracts, volume 1, section 41, which is as follows: "It is well recognized that any change of any material stipulations or the injection of new stipulations amounts to a rejection of the offer." The last sentence in the letter of September 28, written by appellant to appellee, in response to the original offer, clearly indicates that appellant intended his letter as the tender of a new and different proposition. The language is as follows: "Please write me promptly if you will accept such price and terms."

"Such price and terms" related to an offer of $50,000 with 6 per cent. on deferred payments, which appears in the body of the letter. This offer of $50,000 for the farm, with interest at 6 per cent. per annum on deferred payments, was clearly a counter-proposition to the original offer of $52,000 for the farm with interest at the rate of 8 per cent. per annum.

The authorities are seemingly uniform to the effect that a counter-proposition to an offer terminates the original offer. A subsequent acceptance of the original offer does not have the effect of reviving the original proposal. Elliott on Contracts, Vol. 1, § 41; 13 C. J. 296; 6 R. C. L. 609. We think the letter written by appellant, of date September 28, 1919, carries the clear implication that he could not handle or buy the land upon the price and terms contained in the original offer. It was therefore a counter-proposition amounting to a rejection of the offer contained in the letter of appellee, of date September 24, 1919.

No error appearing, the decree is affirmed.